UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LUIS FERNANDO LOPEZ-RUIZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, in his official capacity, et al.,

Respondents.

Case No.: 3:26-cv-05744-RBM-AHG

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 7]**

On October 20, 2026, Petitioner Luis Fernando Lopez-Ruiz's ("Petitioner") filed his Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 7.) For the reasons below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

Petitioner, a citizen of Honduras, entered the United States without inspection in or around 1999. (Doc. 7 at 2.) Petitioner applied for Temporary Protected Status, but his application was denied in 2007. (Doc. 8-2 at 3.) On May 11, 2009, Petitioner was issued a Notice to Appear. (Doc. 8 at 2.) On July 10, 2010, an immigration judge ordered Petitioner removed to Honduras *in absentia*. (Doc. 8-2 at 3.) About two years later,

Petitioner was arrested and physically removed to Honduras. (*Id.*) Petitioner returned to the United States without inspection that same year. (Doc. 7 at 2.) On May 16, 2026, Petitioner was pulled over by Miami police, arrested for driving with an expired license, and transferred to ICE custody. (*Id.*) "An Immigration Detainer (I-247) was issued by [Miami ICE Enforcement and Removal Operations] on May 16, 2026," and "[t]he case was processed on May 18, 2026." (Doc. 8-2 at 3; *see also* Doc. 8-4 at 2 (Form I-200 Warrant for Arrest dated May 16, 2026 but signed and served on Petitioner on May 18, 2026).)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that he should be immediately released because (1) his detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and (2) his warrantless arrest violates 8 U.S.C. § 1357(a)(2). (Doc. 7 at 3–11; Doc. 9 at 2–5.) Respondents argue that (1) Petitioner's removal is significantly likely in the reasonably foreseeable future, (2) no warrant was required because Petitioner is detained under 8 U.S.C. § 1231(a) rather than § 1226(a), and (3) an administrative warrant did in fact issue on the day of Petitioner's arrest. (Doc. 8 at 2–4.)

### A. *Zadvydas*

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701.

"After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citation modified).

Assuming without deciding that Petitioner has both rebutted the presumption of reasonableness and demonstrated good reason to believe, Respondents have responded with evidence sufficient to rebut those showings. In fact, "ICE had already allocated a seat for a removal flight to Honduras on October 12, 2026, departing from Alexandria, Louisiana," and only did not proceed with the removal flight because of the Court's Order to Show Cause enjoining removal during the pendency of these proceedings. (Doc. 8-1 at 1 [Decl. of Deportation Officer Martin Parsons ("Parsons Decl.")] ¶¶ 11, 14.) "There are multiple removal flights weekly to Honduras," and it appears that the Government has secured the necessary travel documents to place Petitioner on one of those flights. (*See id.* ¶¶ 12–15.) Respondents have thus demonstrated that Petitioner's removal is significantly likely in the reasonably foreseeable future. The Court turns to Petitioner's remaining argument that his warrantless arrest violated § 1357(a)(2).

**B. Applicability of § 1357(a)(2)**

"The Secretary of Homeland Security and her delegates, including ICE agents, are by statute authorized to arrest and detain [a noncitizen] with or without a warrant." *N.S. v. Dixon*, 141 F.4th 279, 282 (D.C. Cir. 2025) (citing 8 U.S.C. § 1226(a) (arrest requires warrant) and 8 U.S.C. § 1357(a)(2) (arrest does not require warrant under certain circumstances)). "Section 1357(a) describes immigration officer authority to 'interrogate any [noncitizen],' 'arrest any [noncitizen],' or exercise other proscribed powers without a warrant." *City & Cnty. of San Francisco v. Sessions*, 372 F. Supp. 3d 928, 938 (N.D. Cal. 2019), *vacated in part by* 42 F.4th 1078 (9th Cir. 2022). The Parties agree that Petitioner is detained under § 1231(a) because his order of removal is final. (Doc. 8 at 4; Doc. 9 at 2.) They disagree, though, whether the provisions of § 1357(a)(2) apply to someone

detained under § 1231(a). (*See* Doc. 8 at 4 (Respondents arguing that a warrant "is not required because Petitioner is detained under [] § 1231(a)); Doc. 9 at 2 (Petitioner arguing that "[Respondents'] argument fails to recognize the distinction between statutory authority to detain someone and the separate, stricter requirements that must be met before law enforcement can arrest someone without a warrant.").)

Section 1231(a) "does indeed mandate detention, but the regulations are clear that a warrant of removal is nevertheless necessary to effect arrest." *Inti C.-L. v. Blanche*, — F. Supp. 3d —, 2026 WL 2474390, at *2 (D. Minn. June 9, 2026) (citing 8 C.F.R. § 241.3(a) ("Once the removal period defined in section 241(a)(1) of the Act begins, [a noncitizen] in the United States will be taken into custody *pursuant to the warrant of removal*.") (emphasis added)). The Court thus finds that immigration officers making warrantless arrests must abide by § 1357(a)(2) regardless of the statutory authority under which the detainee falls. In other words, the mere fact that Petitioner has a final removal order does not render him susceptible to an unjustified warrantless arrest. *See Inti C.-L.*, 2026 WL 2474390, at *2 ("The Court likewise does not agree with respondents' apparent position that [] § 1231(a)(2), which mandates detention during the removal period, independently justifies [the petitioner's] arrest."); *Lainez v. Blanche*, 26-CV-3103 (AMD), 2026 WL 1758249, at *4 (E.D.N.Y. June 18, 2026) (denying petition by analyzing whether the warrantless arrest of a petitioner subject to § 1231(a) complied with the provisions of § 1357(a)).

**C. Sufficiency of the Warrant**

The Parties also dispute whether Petitioner was arrested pursuant to a valid warrant. Petitioner argues that the content of the warrant and the timing of its execution were insufficient to justify his arrest (Doc. 9 at 3–4), and Respondents argue to the contrary (Doc. 8 at 4). Both Parties' arguments are misguided; because Petitioner is subject to § 1231(a), the relevant regulations required him to be arrested pursuant to a Form I-205 warrant of removal, not a Form I-200 warrant of arrest.

/ / /

"Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation." *Nerio v. Blanche*, Case No. 2:26-cv-02010-MMD-NJK, 2026 WL 2983494, at *3 (D. Nev. Oct. 5, 2026) (citation omitted). "Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations 'up to the time removal proceedings are completed.'" *Id.* (quoting 8 C.F.R. § 236.1). "After removal proceedings [are] completed, if a noncitizen received a 'final administrative removal order,' they are detained through a Form I-205 Warrant of Removal/Deportation." *Id.* (quoting 8 C.F.R. §§ 241.2, 241.3(a)); *see also Gumaneh v. Hernandez*, CASE NO. C26-2767-BAT, 2026 WL 2624291, at *3 (W.D. Wash. Sept. 4, 2026) ("The Supreme Court recognized the distinction between warrants used during removal proceedings and warrants used after a noncitizen is ordered removed.") (citing *Arizona v. United States*, 657 U.S. 387, 407–08 (2012)). "In conducting immigration enforcement, executive branch agencies must comply with these regulations." *Ger V. v. Mullin*, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954)).

The Parties agree that Petitioner has received a final order of removal. The Parties also do not dispute that the warrant ostensibly issued on May 16, 2026 was a Form I-200 Warrant of Arrest, rather than the proper Form I-205 Warrant of Removal/Deportation. (*See* Doc. 8 at 4 (describing the warrant as a "Form I-200"); Doc. 8-4 at 2–3 (Form I-200 Warrant for Arrest).) Therefore, the Court finds that the warrant for Petitioner's arrest was invalid. *Accord Nerio*, 2026 WL 2983494, at *3 ("The parties do not dispute that [the petitioner] is subject to a final order of removal. . . . Accordingly, he cannot be arrested pursuant to an I-200 warrant.") (citation omitted).

**D. Warrantless Arrest**

Having concluded that (1) Petitioner was not arrested pursuant to a valid warrant and (2) immigration officers may make warrantless arrests only if they comply with the provisions of § 1357(a)(2), the Court next considers whether Petitioner's warrantless arrest was justified. It was not.

To permissibly make a warrantless arrest under § 1357(a)(2), an immigration officer must have "reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." *See also Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995). Department of Homeland Security regulations have the same requirement. *See* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). The phrase "has reason to believe" is the same as the probable cause requirement under the Fourth Amendment. *Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980) (citation omitted).

Petitioner argues that the immigration officers here lacked reason to believe that Petitioner was present in the United States unlawfully[1] or that Petitioner was likely to escape before a warrant could be obtained. (Doc. 7 at 8–9; Doc. 9 at 3.) Respondents do not argue, nor do the attached Parsons Declaration or Form I-213 include any information to suggest, that the immigration officers had reason to believe that Petitioner was likely to escape before they could obtain a warrant. *See also Petrashkevich v. Mullin*, Case No. 5:26-cv-04223-PD, 2026 WL 2337897, at *2 (C.D. Cal. Aug. 12, 2026) ("Respondents do not make a showing that Petitioner was likely to escape before a warrant could be obtained, and there is no basis on this record for the Court to infer likelihood of escape before a warrant could be obtained."). On the contrary, the immigration officers here encountered Petitioner while he was in jail. Therefore, the immigration officers did not comply with § 1357(a)(2) when they arrested Petitioner without a warrant. The Court thus **GRANTS** the Petition.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

---

[1] In light of its conclusion regarding likelihood of escape, the Court does not address reason to believe that Petitioner was present in the United States unlawfully.

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

**IT IS SO ORDERED.**

DATE: November 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE